IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,          ) | |
|     Respondent/Plaintiff,          ) | |
| vs.                                                        ) | No. 3:03-CR-0078-N (12) |
|                                         ) | No. 3:04-CV-2647-N (BH) |
| GREGORY H. WASHINGTON,          ) | ECF |
| ID # 29805-177,                              ) | Referred to U.S. Magistrate Judge |
|     Movant/Defendant.          ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of the Case**

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (government).

**B. Procedural History**

On March 27, 2003, a grand jury indicted movant for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and distribution of cocaine in violation of 21 U.S.C. § 841. On June 16, 2003, movant pled guilty to the conspiracy charge. On December 15, 2003, the Court held a sentencing hearing during which it sentenced movant to 140 months imprisonment; it entered judgment on December 17, 2003. Movant filed no appeal.

On December 14, 2004, the Court received the instant *pro se* motion to vacate wherein movant asserts that (1) his sentence was erroneously enhanced for relevant conduct not contained in the indictment or his plea agreement, *i.e.*, possession of a firearm; (2) his sentence exceeds the statutory maximum; and (3) his attorney rendered ineffective assistance at sentencing by not objecting to the firearm enhancement or to the sentence imposed in excess of the statutory maximum.

In its response to the motion to vacate, the government argues that movant's first claim is not cognizable on collateral review; his second claim is procedurally barred and without merit; and his third claim has no merit. Movant filed no reply brief.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Id.* at 232. Even then, any new assertion of error is limited to "issues of constitutional or jurisdictional magnitude." *Id.* The cause and prejudice test applies even to allegations of fundamental constitutional error. *Id.* The only exception to the application of the test is when a movant can establish a fundamental miscarriage of justice, *i.e.* that he or she is actually innocent of the crime convicted. *Id.* Furthermore, "there is no procedural default for failure to raise an ineffective-

2

assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). In addition, a showing of ineffective assistance of counsel satisfies the cause and prejudice standard. *See United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000).

Movant does not allege that he is actually innocent of the crime to which he pled guilty. He makes no effort to show cause for not presenting Claims 1 and 2 on appeal. Such claims are thus procedurally barred from federal habeas review. The Court will, nevertheless, briefly consider Claim 1 to the extent movant may rely on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), or *United States v. Booker*, 543 U.S. 220 (2005).

### III. *APPRENDI, BLAKELY,* OR *BOOKER* CLAIM

In his first claim, movant claims that the Court erroneously enhanced his sentence on facts not alleged in the indictment or in his plea agreement. Such claim arises from *Apprendi* and its progeny, *Blakely* and *Booker*. As argued by respondent, this claim is not cognizable on collateral review. *See United States v. Turner*, Nos. 4:00-CR-260-Y, 4:04-CV-346-Y, 2007 WL 636336, at *5 (N.D. Tex. Mar. 2, 2007) (relying on *United States v. Gentry*, 432 F.3d 600, 601 (5th Cir. 2005) and *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005)). Such claim thus provides no basis for relief in this § 2255 action.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In Claim 3, movant argues that his attorney rendered ineffective assistance at sentencing by failing to object to the enhancement of his sentence and failing to object to the imposition of a sentence that exceeds the statutory maximum.

To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *See id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To establish prejudice under *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the out-come." *Id.* at 694. In the case of ineffective assistance at sentencing, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001). In other words, the movant must show that counsel's deficiencies created a reasonable probability that his sentence would have been less harsh. *See id.* Movants must "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing

4

whether the result would likely have been different absent the alleged errors of counsel. *Id.* at 695-96.

Movant complains that his attorney failed to object to his sentence on grounds that (1) it exceeded the statutory maximum sentence and (2) it was enhanced by facts not alleged in the indictment or his plea agreement. Counsel, however, had no basis to lodge such objections. Movant signed a factual resume wherein he admitted to participating in a conspiracy to distribute in excess of fifty grams of crack cocaine, a mixture or substance containing cocaine base. The statutory maximum sentence for such a conspiracy is life imprisonment. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846 (the combination of these statutes provide a statutory maximum sentence of life imprisonment for conspiracy to possess with intent to distribute fifty kilograms of a mixture or substance containing cocaine base). Movant's 140-month sentence thus falls within the statutory maximum for the crime to which he pled guilty. Consequently, counsel did not render deficient representation by failing to object that the sentence exceeded the statutory maximum.

With respect to the failure to object to the firearm enhancement, movant fails to identify any basis for objecting. Nevertheless, by referring to the fact that neither his indictment nor plea agreement refer to facts used to enhance his sentence for possession of a firearm, the Court reasonably construes the claim as contending that his attorney should have asserted an objection based on *Apprendi*, *Blakely*, or *Booker*. However, there is no *Apprendi* error when the defendant is sentenced within the statutory maximum as was the case here. *See United States v. Rodriguez-Castillo*, Nos. 3:03-CR-0018-P, 3:04-CV-1455-P, 2007 WL 1373186, at *3 (N.D. Tex. May 10, 2007). Furthermore, to the extent movant contends that *Blakely* or *Booker* provides a proper basis to object, the claim fails because "counsel is not required to anticipate subsequent developments in the law"

5

in order to render effective assistance, *see Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002) (quoting *Lucas v. Johnson*, 132 F.3d 1069, 1078-79 (5th Cir. 1998)); *Johnson v. United States*, Nos. 3:05-CV-262-N, 3:03-CR-240-N, 2006 WL 3771804, at *2 (N.D. Tex. Dec. 18, 2006) (district court accepting findings and recommendation of magistrate judge), and those cases were not decided until after movant's sentencing in December 2003. Whether counsel's performance is deficient is determined by examining "the law as it existed" at the time of the representation. *See id.* When the Court sentenced movant in December 2003, counsel had no basis to lodge an objection under *Blakely* or *Booker*. The failure to object does not constitute deficient representation.

Movant has also not shown prejudice from the failures to object at sentencing. He has shown no reasonable probability that his sentence would have been less harsh had his attorney lodged the omitted objections. As already stated, movant's sentence does not exceed the statutory maximum; thus, any objection arguing otherwise (whether or not based on *Apprendi*) necessarily fails. With respect to the failure to object to the firearm enhancement, the Court notes that the sentencing memorandum submitted by the government shows that "a number of firearms" were recovered from the area of the alleged conspiracy and that movant himself "indicated that various gang members [(and co-conspirators)] kept firearms [in the relevant] area to protect their gang and drug activities." Consequently, the firearm enhancement is fully supported by the facts. Had counsel lodged an objection to the firearm enhancement the objection would have failed under the law as it existed in December 2003.

Based on the totality of the circumstances, movant's claims of ineffective assistance of counsel entitle him to no relief under 28 U.S.C. § 2255.

## V. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

**SIGNED** this 28th day of June, 2007.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE